UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METALAB DESIGN LTD., <br> Plaintiff, <br> v. <br> ZOZI INTERNATIONAL, INC., <br> Defendant. | Case No. 17-mc-80153-MEJ <br><br> **ORDER RE: APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782** <br><br> Re: Dkt. No. 1 |

## INTRODUCTION

Petitioner MetaLab Design Ltd. filed this ex parte Application pursuant to 28 U.S.C. § 1782 seeking an order to obtain discovery from Zozi International, Inc. for use in a Canadian proceeding. Appl., Dkt. No. 1. Having considered MetaLab's papers, the record in this matter, and the relevant legal authority, the Court issues the following order.

## BACKGROUND

MetaLab is a technology company. Wilkinson Decl. ¶ 5, Dkt. No. 2. MetaLab's Application relates to an action pending in the Supreme Court of British Columbia, *Wood v. MetaLab Design Ltd. et al.*, Vancouver Registry No. VLC-S-S170686 (the "Canadian Action"). Appl. at 1. MetaLab has filed a counterclaim in the Canadian Action against plaintiff Adam Wood; his company, Bici Labs, Inc.; and a fictitiously-named entity, ABC Company. Wilkinson Decl. ¶ 2. Mr. Wood is MetaLab's former chief executive officer. *See id.* ¶ 3. MetaLab alleges that Mr. Wood, Bici Labs, and others conspired to "breach[] obligations to MetaLab while Wood was CEO through an Independent Contractor Agreement, and Mr. Wood's ongoing duties to MetaLab once his employment terminated." *Id.* MetaLab's counterclaim seeks damages for breach of contract and breach of fiduciary duties. *Id.* ¶ 9.

Zozi is MetaLab's former client. *Id.* ¶ 5. MetaLab alleges that in April 2016 and while acting as MetaLab's CEO, Mr. Wood attempted to convince Zozi, through its former CEO T.J. Sassani, to move Zozi's work with MetaLab to a new agency to be set up by Mr. Wood. *Id.* Mr. Wood made disparaging remarks about MetaLab's principals, which caused the relationship between MetaLab and Zozi to deteriorate. *Id.* ¶ 6. As a result of Mr. Wood's actions, Zozi demanded a 33% holdback on its fees, which MetaLab was forced to accept. *Id.* ¶ 7. MetaLab lost $503,398.69 with respect to the holdback and $306,947.25 with respect to unpaid invoices. *Id.*

MetaLab seeks the production of correspondence (including e-mails, text messages, phone records, messages sent via social media platforms) between Mr. Wood, Mr. Sassani, and Casey Wu (Zozi's chief financial officer at the time) in Zozi's possession, custody, or control. Zozi did not respond to the Application. *See* Docket; *see also* Dkt. No. 6 (certificate of service).

## LEGAL STANDARD

Section 1782(a) provides in relevant part that

> The district court of the district in which a person resides or is found may order him to . . . produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

The purpose of this statute is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

Before granting a § 1782 application, courts must first confirm three statutory requirements are present: "(1) the discovery sought is from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is a foreign or international tribunal or an interested person." *In re Ex Parte Apple Inc.*, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) (citation and internal quotation marks omitted).

If these statutory requirements are present, courts have broad discretion to grant assistance under § 1782. *See United States v. Sealed 1, Letter of Request for Legal Assistance from the*

2

*Deputy Prosecutor Gen. of the Russian Fed'n*, 235 F.3d 1200, 1206 (9th Cir. 2000) ("The fact that § 1782 authorizes assistance does not mean that the district court must exercise its discretion to grant such assistance."). The Supreme Court has identified the following factors to aid courts in exercising their discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States"; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. at 264-65.

Additionally, courts must exercise their discretion with the "twin aims" of § 1782 in mind: (1) "providing efficient assistance to participants in international litigation" and (2) "encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252 (internal quotation marks omitted).

While ex parte requests are generally disfavored because they disrupt the adversarial system, an ex parte application pursuant to § 1782 is an acceptable method for requesting discovery because it provides procedural safeguards. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (ex parte application acceptable because subpoenaed parties may raise objections and exercise their due process rights by motioning the court to quash the subpoenas); *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) ("It is common for parties to file ex parte applications, as parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." (footnote and internal quotation marks omitted)).

**DISCUSSION**

**A. Statutory Requirements**

MetaLab satisfies § 1782's statutory requirements. First, Zozi is incorporated in California and its headquarters are located in San Francisco. Appl. at 3. Second, MetaLab seeks the discovery to use in the Canadian Action. Third, as a litigant to the Canadian Action, MetaLab is

3

1    an "interested person" within the meaning of § 1782.  *See Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110-11 (9th Cir. 2015) (a party to foreign proceedings "has a 'reasonable interest' in obtaining judicial assistance and, therefore, may apply for judicial assistance pursuant to § 1782.").

**B.    *Intel* Factors**

Having found the statutory requirements are satisfied, the Court considers whether to exercise its discretion in light of the *Intel* factors.  "Although the Court individually analyzes each discretionary factor, they are not stand-alone categorical imperatives but rather involve overlapping considerations, which are considered collectively by the [C]ourt."  *In re Appl. of Joint Stock Co. Raiffeinsenbank*, 2016 WL 6474224, at *4 (N.D. Cal. Nov. 2, 2016) (internal quotation marks and citation omitted).

1.    Participant in the Foreign Proceeding

The first *Intel* factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding."  542 U.S. at 264.  Foreign tribunals can compel discovery from parties appearing before them, obviating the need for U.S. judicial assistance; however, entities or persons outside a foreign tribunal's jurisdiction may possess evidence that is unobtainable absent § 1782 aid.  *Id.*

The record does not indicate whether Zozi is a party to the Canadian Action, and MetaLab does not clarify the issue in its Application.

However, it appears MetaLab can obtain the discovery from a participant in the Canadian Action, namely, Mr. Wood.  Courts have held that "[a]lthough the case law at times refers to whether the 'person' is within the foreign tribunal's jurisdictional reach, the key issue is whether the material is obtainable through the foreign proceeding."  *In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.* ("*Macquarie Bank*"), 2015 WL 3439103, at *6 (D. Nev. May 28, 2015) (citing *In re Application of Ooo Promnefstroy*, 2009 WL 3335608, *5 (S.D.N.Y. Oct. 15, 2009)); *see In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016) ("[C]ourts have interpreted this [first *Intel* factor] to focus on whether the evidence 'is available to the foreign tribunal,' because in some circumstances, evidence may be

available to a foreign tribunal even if it is held by a non-participant to the tribunal's proceedings." (collecting cases)). "This factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity." *Macquarie Bank*, 2015 WL 3439103, at \*6 (citing *Schmitz v. Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 85 (2d Cir. 2004)).

MetaLab asserts that because "the relevant documents are found in the United States, judicial assistance under § 1782 is the only practicable means of obtaining the requested information." Appl. at 3; *see id.* at 5 ("[T]he non-privileged, relevant documents MetaLab seeks are located in the United States. . . ."). This ignores the fact that the documents may also be available in Canada. MetaLab seeks communications that Mr. Wood sent or received. Mr. Wood is therefore likely to have the correspondence, or records thereof, in his possession or control. As a party to the Canadian Action, he is also under the Supreme Court of British Columbia's jurisdiction. *See Intel*, 542 U.S. at 264 ("[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."). MetaLab conclusorily asserts "there is virtually no mechanism in Canada available to obtain the documents MetaLab seeks through this application." Appl. at 3. But MetaLab does not explain why the Canadian court cannot compel the discovery, or why MetaLab cannot otherwise obtain the requested discovery directly from Mr. Wood.

While it is unclear Zozi is a participant in the Canadian Action, MetaLab has not demonstrated it cannot obtain the discovery from Mr. Wood. Without more information regarding the limitations of the Canadian court's authority to compel discovery, the Court cannot find this factor favors granting § 1782 assistance.

2. The Foreign Tribunal and Proceedings

The second *Intel* factor contemplates "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.

Nothing in the record suggests the Supreme Court of British Columbia would be

5

unreceptive to the requested discovery. The Canadian Action is pending, and discovery is open. Wilkinson Decl. ¶ 4. MetaLab argues the correspondence "will show that Mr. Wood was attempting to convince Zozi to move its work with MetaLab to his new agency before his termination, contrary to the contractual and fiduciary duties he owed to MetaLab as CEO" and that Mr. Wood made disparaging remarks about MetaLab and its principals. Appl. at 4. Because this may be relevant to MetaLab's counterclaims, it is reasonable to believe the Canadian court would consider this evidence.[1]

### 3. Attempt to Circumvent Foreign Proof-Gathering Restrictions

The third *Intel* factor is whether the § 1782 request is "an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65. Courts are not required to determine whether an applicant has exhausted its discovery attempts abroad; however, "a perception that an applicant has 'side-stepped' less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Cathode Ray Tube Antitrust Litig.*, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013) (citing *In re Appl. of Caratube Int'l Oil Co.*, 730 F. Supp. 2d 101, 107-08 (D.D.C. 2010)). Where a foreign court has requested the information, there is a presumption that the application is not an attempt to circumvent foreign proof-gathering procedure. *See In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) ("[T]he [foreign] court requested the information, so it is clear that it is receptive to this court's assistance and that the request is not an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."); *see also Digital Shape Techs., Inc. v. Glassdoor, Inc.*, 2016 WL 6995881, at *3 (N.D. Cal. Nov. 30, 2016) ("[T]he [foreign] court's order authorizing issuance of the subpoena demonstrates that the request is not an attempt to circumvent proof-gathering restrictions in either [the foreign jurisdiction] or the United States.").

---

[1] Andrew Wilkinson, MetaLab's founder, declares this discovery "will allow MetaLab to defend the Canadian Action[.]" Wilkinson Decl. ¶ 9. Because MetaLab does not describe the claims Mr. Wood asserts against it, the Court cannot determine whether this is in fact the case.

6

1    The record does not show the Supreme Court of British Columbia has requested the
2   information MetaLab seeks, and, as noted, it appears MetaLab can seek the discovery from Mr.
3   Wood through the Canadian Action. Nothing in the current record otherwise indicates MetaLab
4   seeks to bypass proper proof-gathering policy or procedure in either Canada or the United States.
5   Given that MetaLab need not exhaust all discovery attempts in the Canadian Action prior to
6   seeking assistance here, the Court cannot find this factor weighs against granting the Application.

### 4. Undue Intrusion or Burden

The final *Intel* factor asks whether the discovery requested is "unduly intrusive or burdensome." 542 U.S. at 265. Discovery requests must be "proportional" considering "the issues at stake in the action . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "[U]duly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *Qualcomm*, 162 F. Supp. 3d at 1043 (citation omitted).

At this point, there is nothing to suggest the communications or the records thereof are confidential. But MetaLab's request is overbroad temporally and in scope: it not limited to a specific time frame and requests all communications between Mr. Wood, Mr. Sassani, and Mr. Wu, regardless of format and whether they relate to the claims or counterclaims asserted in the Canadian Action. For instance, Mr. Wilkinson declares Mr. Wood attempted to convince Zozi to move its work to Mr. Wood's new agency in or around April 2016. Wilkinson Decl. ¶ 5. MetaLab does not explain why it needs pre-April 2016 communications or why production of such correspondence is proportional to the needs of the case. The Court therefore cannot find the request, as written, is not overbroad or unduly burdensome.

### 5. Summary

On balance, the Court finds the *Intel* factors do not favor granting the Application. Although MetaLab requests documents from Zozi, MetaLab effectively seeks discovery from Mr. Wood, who is a party to the Canadian Action under that court's jurisdiction. This, coupled with

7

the fact that the request is overbroad and unduly burdensome, leads the Court to conclude § 1782 assistance is not required at this point.

## CONCLUSION

Although the statutory factors have been satisfied, the Court exercises its discretion under *Intel* and DENIES the Application. The denial shall be WITHOUT PREJUDICE to MetaLab renewing its request, provided it (1) can show why it cannot obtain the discovery in the Canadian Action and (2) either tailors its request or shows why it is not overbroad and unduly burdensome.

**IT IS SO ORDERED.**

Dated: January 11, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge